IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ROBIN DORAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 07-4158-CV-C-NKL |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| SOCIAL SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Robin Doran, as putative class representative, sued Defendants Missouri Department of Social Services and its director, Deborah E. Scott, for placing a Medicaid lien on her state workers compensation settlement, in violation of 42 U.S.C. § 1983 and § 1396p(a)(1). Defendants move for a partial judgment on the pleading [Doc. # 5] under Fed. R. Civ. P. 12(c), based on qualified immunity to the section 1983 claim. They also move for a judgment on the pleadings on Plaintiffs' state constitutional claim, arguing the Missouri Constitution does not provide for recovery of damages. Plaintiffs respond that the law was clearly established at the time of Defendants' actions, and that the Missouri Constitution allows recovery of damages for takings clause violations. The Court now grants Defendants' motion, in part, and denies, in part.

**I.      Standard of Review**

In reviewing a motion for a judgment on the pleadings, this Court accepts as true all facts pleaded by the nonmoving party and grants all reasonable inferences from the pleadings in favor of the nonmovant. *See Syverson v. Firepond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004) (citing *United*

1

*States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Id.* (citing *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002)). The standard of review for a Rule 12(c) motion is essentially the same as for Rule 12(b)(6). *See Martin v. Crawford*, No. 07-4002, 2007 WL 4289730, at *1 (W.D. Mo. Dec. 3, 2007) (citing *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)). "[A] complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Metro. St. Louis Equal Hous. Opportunity Council v. Tillman*, No. 07-4114, 2007 WL 3046585, at *1 (W.D. Mo. Oct. 16, 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). "This does not require heightened fact pleading . . . . '[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.'" *Id.*

**II.     Discussion**

    **A.     Section 1983 and Qualified Immunity**

Doran, as part of a putative class action, alleges the Missouri Department of Social Services (the "Department") improperly asserted liens on the proceeds of third-party workers compensation settlements obtained by Medicaid recipients. It is undisputed that federal law requires States "to ascertain the legal liability of third parties . . . to pay for care and services available under the plan" and "seek reimbursement for such [medical] assistance to the extent of such legal liability." 42 U.S.C. §§ 1396a(a)(25)(A), (B). As part of these requirements, States must obtain an assignment of rights to payment for medical care from Medicaid recipients as a condition of eligibility. *See* 42 U.S.C. § 1396k. However, this assignment statute "requires only that the State recover payments from third parties to the extent of their legal liability to compensate the beneficiary *for medical care*

2

*and services* incurred by the beneficiary." *Ahlborn v. Ark. Dep't of Human Servs.*, 397 F.3d 620, 625 (8th Cir. 2005), *aff'd* 547 U.S. 268 (2006).

Moreover, 42 U.S.C. § 1396p(a)(1), the federal "anti-lien" statute, prohibits "the imposition of a lien 'against the property of an individual prior to his death on account of medical assistance paid or to be paid on his behalf under the State plan[.]'" *Id.* at 623 (citing § 1396p(a)(1)). This statute "generally prevents a State from attaching property of a recipient to reimburse the State for benefits paid under a state Medicaid plan." *Id.* Under Missouri law, "[p]ayments made to or on behalf of a person eligible for public assistance as the result of any compensable injury, occupational disease or disability as defined by this chapter shall be a debt due the state . . . ." § 287.266, RSMo. Thus, the Missouri statute authorizes a lien to recover these debts. *See id.*

Doran contends that workers compensation awards of permanent total or permanent partial benefits are, "[i]n the overwhelming majority of . . . cases," not made to reimburse medical costs; therefore, the Department's lien against these benefits violates § 1396p(a)(1). Defendants respond that even if this were the case, they are still shielded by qualified immunity. "Qualified immunity shields governmental officials from personal liability if their actions, even if unlawful, were 'nevertheless objectively reasonable in light of the clearly established law at the time of the events in question.'" *Turpin v. County of Rock*, 262 F.3d 779, 783 (8th Cir. 2001) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987)). Thus, "[a] state official . . . is protected by qualified immunity from a section 1983 claim 'unless [his] alleged conduct violated clearly established federal constitutional or statutory rights of which a reasonable person in [his] position [] would have known." *Mo. Protection & Advocacy Servs. v. Mo. Dep't of Mental Health*, 447 F.3d 1021, 1025 (8th Cir. 2006) (quoting *Wright v. Rolette County*, 417 F.3d 879, 884 (8th Cir. 2005)). A state

3

official is protected by qualified immunity "so long as 'their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Wilson v. Lawrence County*, 260 F.3d 946, 951 (8th Cir. 2001) (quoting *Anderson*, 483 U.S. at 638).

In determining whether a legal right is clearly established, the Eighth Circuit "applies a flexible standard, requiring some, but not precise factual correspondence with precedent, and demanding that officials apply general, well-developed legal principles." *Whisman through Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997). But, the lack of any decisions from the United States Supreme Court, the Eighth Circuit Court of Appeals, the Western District of Missouri or the Missouri Supreme Court does not mean the law is not clearly established. *See Konop v. Nw. Sch. Dist.*, 1998 DSD 27, ¶ 11, 26 F. Supp. 2d 1189, 1194. The Eighth Circuit explains:

> While the identity of a court and its geographical proximity may be relevant in determining whether a reasonable official would be aware of the law (as might the dissemination of information within the pertinent profession and the frequency of similar litigation), we do not think that the defendants' per se rule adequately captures what the Supreme Court has meant by its objective test for what is clearly established.

*Id*. at ¶ 11, 1195 (quoting *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1049 (8th Cir. 1989)). In the absence of any precedence, "a court should look to all available decisional law including decisions of state courts, other circuit and district courts . . . ." *Id*. (quoting *Burnham v. Ianni*, 119 F.3d 668, 677 (8th Cir. 1997)). As noted by the *Konop* court, requiring factual identity between the current and prior cases would result in defendants receiving one "bite of the apple," which is contrary to the purpose of qualified immunity. *See id*. at ¶ 12, 1195. Instead, there must be "fair warning" of the constitutional right, and general principles of law can provide that warning. *See id.* (citing *United States v. Lanier*, 520 U.S. 259 (1997)); *see also J.H.H. v. O'Hara*, 878 F.2d 240, 243 (8th Cir. 1989) (explaining that under qualified immunity analysis, courts are to look to statutory and case precedent

4

in addition to well-established principles of law, "and demanding that officials apply general, well-developed legal principles").

Accepting Doran's facts as true, as the Court must, Defendants are still protected by qualified immunity against the section 1983 claim for legal damages, at least up to and including February 9, 2005, when the Eighth Circuit decided *Ahlborn v. Arkansas Department of Human Services*. In *Ahlborn*, the Eighth Circuit held, "The Arkansas statutes requiring Ahlborn to assign her entire cause of action against the third-party tortfeasors, and establishing a statutory lien on settlement proceeds for matters other than medical care and services, conflict with and frustrate this federal scheme." 397 F.3d at 628; *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001) (noting threshold inquiry in qualified immunity analysis is whether plaintiff's allegation, if true, establish a constitutional violation). Thus, it has been established that a State may not place a lien on a plan recipient's third-party proceeds unrelated to medical care and services. As a result, assuming, for the purposes of this Rule 12(c) motion, that the workers compensation benefits at issue in this case were not provided to reimburse medical services and care, Defendants have violated 42 U.S.C. § 1396p(a)(1).

Despite the Defendants' statutory violation, the Court believes that the law of the Eighth Circuit was not clearly established until the *Ahlborn* decision. First, in *Ahlborn*, the Eighth Circuit reversed the district court's decision, which had found Arkansas could assert a lien against the entirety of plaintiff's settlement. *See Ahlborn v. Ark. Dep't of Human Servs.*, 280 F. Supp. 2d 881, 888 (E.D. Ark. 2003). The district court noted that only one case, *Martin ex rel. Hoff v. City of Rochester*, 642 N.W.2d 1 (Minn. 2002), supported Ahlborn's position, while *Wallace v. Estate of Jackson*, 972 P.2d 446 (Utah 1998), and *Wilson v. State*, 10 P.3d 1061 (Wash. 2000), resolved the statutory ambiguity by finding that "once a Medicaid recipient assigns his cause of action [he] no

5

longer has any interest in the property (his or her cause of action against third parties) to the extent of the state's expenditures." *See Ahlborn*, 280 F. Supp. 2d at 885-86. Moreover, the district court, the Eighth Circuit, and the Supreme Court all recognized that two decisions by the Departmental Appeals Board of the Department of Health and Human Services supported Arkansas's position that "the federal government can require States to attempt to recover from third-party payments beyond those made for medical care." *Ahlborn*, 397 F.3d at 626 (citing *Wash. State Dep't of Soc. & Health Servs.*, D.A.B. No. 1561, 1996 WL 157123 (HHS Feb. 7, 1996); *Calif. Dep't of Health Servs.*, D.A.B. No. 1504, 1995 WL 66334 (HHS Jan. 5, 1995)); *see also Ahlborn*, 547 U.S. at 289-90 (discussing HHS decisions); *Ahlborn*, 280 F. Supp. 2d at 887 ("The Secretary has consistently adopted the position urged by Defendants, taking the position that States must require, as a condition of eligibility, that recipients assigning to the State their right to recover from third parties and that, from any such recovery, the State must recover the full amount of benefits paid on behalf of the recipient."). Thus, as demonstrated conclusively by the *Ahlborn* line of cases, there were divergent opinions on States' ability to recover the full amount of Medicaid benefits.

Given that prior to *Ahlborn* there was no Supreme Court, Missouri or Eighth Circuit case that had yet decided the issue, the Court cannot say Defendants' decision was objectively unreasonable under the circumstances. *See Mo. Protection & Advocacy Servs.*, 447 F.3d at 1025. Plaintiffs, citing *Ahlborn* for support, argue qualified immunity should not apply because the plain-language of the statute makes it clear that Defendants violated the law. Further, Plaintiffs assert that Defendants cannot credibly rely on state supreme court decisions from outside the Eighth Circuit, of which Defendants were not even aware. But, Plaintiffs have brought a § 1983 claim, to which qualified immunity is a defense to legal damages where the law is not clearly established, even for

6

statutory violations. *See Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 671-72 (8th Cir. 2007). Moreover, for the purposes of qualified immunity analysis, Defendants' actual knowledge is irrelevant; instead, the Court considers, objectively, whether a reasonable official in Defendants' positions would understand that what he or she is doing violates clearly established right. *See O'Neil v. City of Iowa City, Iowa*, 496 F.3d 915, 917 (8th Cir. 2007). Thus, Defendants need only prove the law was not clearly established, which they have done in this case. *Shockency v. Ramsey County*, 493 F.3d 941, 948 (8th Cir. 2007) ("Defendants bear the burden of proving that the law was not clearly established."); *see also Mo. Protection & Advocacy Servs.*, 447 F.3d at 1025-26 (holding state officials protected by qualified immunity where there were divergent opinions between New Hampshire Supreme Court and Third Circuit regarding interpretation of statute). "[W]hen one faces an unsettled legal issue, determining a governing legal standard can be quite hairy; it mires one in conflicting cases, each presented by reasonable jurists interpreting the applicable rule of law." *Mo. Protection & Advocacy Servs.*, 447 F.3d at 1025-26. Because the law was not so clearly established before the Eighth Circuit's decision in *Ahlborn* that a reasonable person in Defendants' position at the time would have known placing a Medicaid lien on permanent total or partial workers' compensation benefits violated federal law, the Court grants Defendants qualified immunity for their actions up to and including February 9, 2005, at least as they relate to any claim for legal damages.

However, to the extent that Plaintiffs are simply asking for a return of their allegedly improperly-taken money or an order removing any improper lien against their property, qualified immunity is not available. Basically, Plaintiffs are requesting equitable relief, which is not precluded by qualified immunity. *See Grantham v. Trickey*, 21 F.3d 289, 295-96 (8th Cir. 1994) ("There is no dispute that qualified immunity does not apply to claims for equitable relief . . . and

7

that state officials may be sued in their official capacity for equitable relief." (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989); *Stanley v. Magrath*, 719 F.2d 279, 284 n.9 (8th Cir. 1983))). In discussing qualified immunity and equitable relief, the Eighth Circuit has explained:

> The fact that a remedy may require one party to pay money to another is not a sufficient reason to characterize the remedy as "legal relief." However, because money damages was the traditional form of relief offered in the courts of law, "federal law has consistently held that money damages are generally characterized as a legal remedy." Accordingly, a monetary award will be characterized as equitable only if it possesses one of the two fundamental attributes of an equitable remedy.
>
> First, a monetary award may be an equitable remedy if the award is "restitutionary" in nature, "such as in actions for disgorgement of improper profits."

*Hopkins v. Saunders*, 199 F.3d 968, 977 (8th Cir. 1999). Here, Plaintiffs clearly want restitution, restoring to them money that was rightfully theirs and putting them in the position they would have been had the statutes been properly followed. *See id*. As a result, qualified immunity does not bar Plaintiffs' claim for equitable relief under section 1983.

### B.     Missouri Constitutional Claim

Plaintiffs assert that Defendants, by placing a lien on their workers compensation benefits, took their property without just compensation in violation of the Missouri Constitution. *See* Mo. Const. art I, § 26. Defendants essentially argue Plaintiffs have failed to state a claim, responding that damages are unavailable for a violation of the Missouri Constitution. *See Moody v. Hicks*, 956 S.W.2d 398, 402 (Mo. App. 1997). Plaintiffs explain that because the government took their money without just compensation, "there is inherent right to recovery of damages in the amount of the value of the taken property." A fund of money can be property protected under the Takings Clause. *See Phillips v. Wash. Legal Found.*, 524 U.S. 156, 160 (1998) (holding interest income generated by funds is private property of owner of principal for purposes of Takings Clause).

8

*Moody v. Hicks*, though, is inapplicable to the current situation because that case involved a claim under Article I, § 15 of the Missouri Constitution, the state equivalent of the federal Fourth Amendment. *See* 956 S.W.2d 398, 402; *see also Smith v. Heimer*, 35 Fed. App'x 293, 294 n.1 (8th Cir. 2002) ("We note that the Missouri Constitution's search and seizure provision is co-extensive with the Fourth Amendment . . . and does not give rise to a private cause of action for money damages . . . ."). The court acknowledged that the action was similar to a federal section 1983 action, which was only possible "because Congress enacted that legislation authorizing suits for federal constitutional violations" but that "[t]he Missouri General Assembly has not enacted similar legislation." *Moody*, 956 S.W.2d at 402. The court also noted that plaintiff had other remedies. *See id*. In the current case, unlike § 15 of the Missouri Constitution, § 26 "is 'self-enforcing' and an action may be brought 'directly thereunder.'" *Roth v. State Highway Comm'n of Mo.*, 688 S.W.2d 775, 777 (Mo. App. 1984) (citing *Wells v. State Highway Comm'n*, 503 S.W.2d 689, 690 (Mo. 1973)). Thus, to the extent that the question is whether damages are available for a claim under Article I, § 26 of the Missouri Constitution, the answer has to be yes. *See State ex rel. N. W. Elec. Power Co-op., Inc. v. Waggoner*, 319 S.W.2d 930, 934 (Mo. App. 1959) ("Just compensation means full indemnity or remuneration for the loss or damage sustained by the owner of the property taken or injured."); *cf. Peters v. Vill. of Clifton*, 498 F.3d 727, 731 (7th Cir. 2007) (explaining that the Fifth Amendment "makes clear that, ordinarily, compensation, not an injunction, is the appropriate remedy for a taking that satisfies the public use requirement.").

The real question in this case, though, is whether Defendants were acting through their eminent domain powers when they placed a lien on Plaintiffs workers' compensation awards. *See Home Sav. of Am. v. State*, 817 S.W.2d 518, 519 (Mo. App. 1991) ("[T]he predicate of such an

9

action is an injury within the constitutional prohibition against the taking or damaging of private property for public use." (citing *Page v. Metro. St. Louis Sewer Dist.*, 377 S.W.2d 348, 354 (Mo. 1964)). The Missouri Court of Appeals explains:

> Eminent domain is the power to take property for public use and is an inherent power of the state. The legislature has the exclusive role of delegating the power of eminent domain to various public and private entities by statute, subject to limitations found in the United States and Missouri constitutions and other Missouri statutes.

*Osage Water Co. v. Miller County Water Auth., Inc.*, 950 S.W.2d 569, 572 (Mo. App. 1997) (citations omitted). Defendants cite *Home Savings of America v. State*, 817 S.W.2d at 518, for the proposition that where the State does not purport to act under the power of eminent domain when it collects funds, an action under § 26 cannot be maintained. In that case, involving a tax that was previously declared unconstitutional, the court of appeals explained that plaintiffs already had a statutory remedy, and that the State had acted through its taxing power, not its eminent domain power. *See id.* at 519. "The payment of taxes, even if the taxing statute is later declared unconstitutional, does not amount to a taking of private property within the prohibition of Art. I, § 26, and, therefore, an action in inverse condemnation may not be maintained to recover the taxes paid." *Id.* at 520. Although, in the present case, Defendants did not tax anybody, *Home Savings* is still instructive: "The answer to [plaintiff's argument that the tax was void ab initio so the State must have appropriated money under eminent domain power] is that the State never purported to act under the power of eminent domain when it collected the taxes under § 148.480 and Home Savings does not allege that the amount paid was paid for any reason except as the payment of taxes." *Id*. at 519-20.

Here, Defendants were not purporting to exercise the State's inherent power of eminent

10

domain; they were acting under federal statutes that required them to seek reimbursement for Medicaid assistance as a condition of eligibility. *See* 42 U.S.C. §§ 1396a(a)(25)(A), (B), and 1396k. Thus, the State's power to assert a Medicaid lien does not arise from its inherent powers or the Missouri Constitution, but from the federal government. *See City of Washington v. Warren County*, 899 S.W.2d 863, 867 (Mo. 1995) ("To resolve this case according to the principles reviewed above, we must ascertain the source of the City's authority to condemn property. That source is found in Art. I, §§ 26 and 27 of the Missouri Constitution . . . ."); *see also State ex rel. City of Gower v. Gee*, 573 S.W.2d 107, 110 (Mo. App. 1978) ("The power of eminent domain is inherent in sovereignty and exists in the State of Missouri and initially the right to exercise such power 'is exclusively a legislative prerogative, subject only to such limitations as are fixed by the constitution itself.'"). The fact that Defendants may have improperly asserted a lien on ineligible funds does not convert the payment of those funds into a taking under the power of eminent domain. *See Home Sav.*, 817 S.W.2d at 520. As a result, Defendants' actions were not a taking, and Plaintiffs have failed to plead enough facts to state a claim to relief that is plausible on its face. Plaintiffs' Missouri constitutional claim is dismissed.

### III. Conclusion

Accordingly, it is hereby

ORDERED that Defendants' Motion for Judgment on the Pleadings, in Part [Doc. # 5] is GRANTED, in part, and DENIED, in part. To the extent Plaintiffs' section 1983 claim seeks legal damages, Defendants are granted qualified immunity for their actions up to and including February 9, 2005. Defendants are not protected by qualified immunity against any equitable relief. Plaintiffs' takings claim under Article I, section 26 of the Missouri Constitution is dismissed for failure to state

11

a claim.

                                                       s/NANETTE K. LAUGHREY
                                                      NANETTE K. LAUGHREY
                                                      United States District Judge

Dated:   January 8, 2008
Jefferson City, Missouri