IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ROBIN DORAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 07-4158-CV-C-NKL |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| SOCIAL SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Robin Doran, as putative class representative, sued Defendants Missouri Department of Social Services (the "Department") and its director, Deborah E. Scott, (collectively "Defendants") for placing a Medicaid lien on her state workers compensation settlement, in violation of 42 U.S.C. § 1983 and § 1396p(a)(1). Doran moves for class certification under Federal Rule of Civil Procedure 23 [Doc. # 19], which this Court now grants, in part, and denies, in part.

**I.     Background**

Doran alleges that the State of Missouri, through the Department and Director Scott, improperly asserted liens on the proceeds of third-party workers compensation settlements obtained by Medicaid recipients. Under federal law, states that provide Medicaid assistance to their residents must "seek reimbursement for such [Medicaid] assistance to the extent of such legal liability." 42 U.S.C. § 1396a(a)(25)(B). Therefore, states must require applicants for Medicaid, as a condition of eligibility, to assign their right to receive payment for medical care. *See id*. § 1396k. The Eighth Circuit has explained, in an opinion affirmed by the Supreme Court, that this assignment statute

1

"requires only that the State recover payments from third parties to the extent of their legal liability to compensate the beneficiary *for medical care and services* incurred by the beneficiary." *Ahlborn v. Ark. Dep't of Human Servs.*, 397 F.3d 620, 625 (8th Cir. 2005), *aff'd* 547 U.S. 268 (2006).

However, the federal "anti-lien" statute, 42 U.S.C. § 1396p(a)(1), prohibits "the imposition of a lien 'against the property of an individual prior to his death on account of medical assistance paid or to be paid on his behalf under the State plan[.]'" *Ahlborn*, 397 F.3d at 623. The result is that states may not attach "property of a recipient to reimburse the State for benefits paid under a state Medicaid plan." *Id*. In this case, Doran alleges that, in violation of § 1396p(a)(1), Missouri improperly placed Medicaid liens on recipients' workers compensation awards of permanent total or permanent partial benefits, despite the fact that such awards were not, in most cases, made to reimburse medical costs. The class is described as:

> Missouri citizens who have received Medicaid and who had liens asserted and/or monies improperly taken by the Defendant out of their third party workers compensation settlements from August 15, 2001.

**II.  Discussion**

A motion for class certification involves a two-part analysis. First, the movant must demonstrate that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23(a):

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

2

Should Doran satisfy these requirements, she must then demonstrate that the proposed class fits one of the three categories identified in Rule 23(b). Doran bears the burden of showing that Rule 23 requirements are met and that the class should be certified. *See Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). To determine whether class certification is appropriate, the Court must conduct a limited preliminary inquiry, looking behind the pleadings. *See Blades v. Monsanto Co.*, 400 F.3d 562, 567 (8th Cir. 2005) (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)). "In conducting this preliminary inquiry, however, the Court must look only so far as to determine whether, given the factual setting of the case, if the plaintiffs general allegations are true, common evidence could suffice to make out a prima facie case for the class." *Id*. at 566. In considering class certification motions, the Court liberally construes Rule 23(a) and does not resolve the merits of the dispute. *See Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 424 (4th Cir. 2003); In re *Control Data Corp. Sec. Litig.*, 116 F.R.D. 216, 219 (D. Minn. 1986), *rev'd on other grounds*, 933 F.2d 616 (8th Cir. 1991).

### A. Rule 23(a)

#### 1. *Numerosity.*

To address the numerosity requirement, the Court should examine the number of persons in a proposed class, the nature of the action, the size of the individual claims and the inconvenience of trying individual claims, as well as other factors. *See Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir. 1982). Doran admits that she does not yet know the precise number of class members, but she alleges that, because Defendants admit to asserting hundreds of liens in workers compensation cases and have never refunded any money, there are at least hundreds of class members. Defendants do not dispute this number, but instead focus on the "improperly taken"

3

language of the proposed class definition, arguing that the class is unascertainable until all the issues are decided and, thus, requires this Court to make a prohibited merit determination.

However, in determining whether to certify a class, "the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Bradford v. Union Pac. R.R. Co.*, No. , 2007 WL 2893650, at *4 (W.D. Ark. Sept. 28, 2007) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974)). Assuming that Doran's general allegations are true, specifically that most workers compensation settlements are not reimbursement for medical expenses, the fact that Defendants have asserted hundreds of liens on such settlements makes it is clear that the class satisfies the numerosity requirement. *See, e.g., Bradford v. AGCO Corp.*, 187 F.R.D. 600, 604 (W.D. Mo. 1999) (certifying class of between 20 and 65).

### 2. *Commonality.*

The commonality requirement of Rule 23(a)(2) is satisfied when the legal question "linking the class members is substantially related to the resolution of the litigation." *Paxton*, 688 F.2d at 561. In determining commonality, "the appropriate focus is [on] the conduct of the defendant[s], not the plaintiffs." In re *Aquila ERISA Litig.*, 237 F.R.D. 202, 207-08 (W.D. Mo. 2006); *see also Turner v. Grant County Detention Ctr.*, No. 05-148, 2008 WL 821895, at *14 (E.D. Ky. Mar. 26, 2008) ("The commonality requirement is satisfied 'as long as members of the class have allegedly been affected by a *general* policy of the defendant and the general policy is the focus of the litigation.'"); *Arnold v. Cargill Inc.*, No. 01-2086, 2006 WL 1716221, at *11 (D. Minn. June 20, 2006) ("The commonality requirement is satisfied as long as the members of the class have allegedly been affected by a general policy of the defendant, and the general policy is the focus of the

4

litigation.").

Here, it is alleged that Defendants asserted Medicaid liens on Plaintiffs' workers compensation settlements in violation of 42 U.S.C. § 1396p(a)(1). Doran has appropriately alleged that members of the class have been affected by a general policy of Defendants (Medicaid liens in violation of federal law), and that general policy is the focus of this litigation. Defendants did not contest Doran's commonality argument in their response. The Court finds that Doran has met Rule 23's commonality requirement. *See* In re *GenesisIntermedia, Inc. Sec. Litig.*, 232 F.R.D. 321, 328 (D. Minn. 2005) ("Because commonality requires only one common question of law or fact, courts often find the requirement to be satisfied." (citing 5 Moore's Federal Practice § 23.23[2])).

### 3. *Typicality.*

The third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality means that there are "other members of the class who have the same or similar grievances as the plaintiff." *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977); *see also Ellis v. O'Hara*, 105 F.R.D. 556, 561 (E.D. Mo. 1985) ("To meet this requirement, the representatives of the class must show that their claims emanate from the same legal theory, remedial theory or offense as the person they seek to represent in the action."). The burden is "easily met so long as other class members have claims similar to the named plaintiff." *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995) (holding that plaintiffs satisfied typicality requirement even though they carried different mortgage instruments; important inquiry surrounded mortgage service's over-escrowing of funds).

Doran has shown that her claims emanate from the same legal theory or offense as the claims of the class, namely that Defendants improperly placed Medicaid liens on workers compensation

5

settlements in violation of federal law. Defendants do not argue otherwise, failing to address the typicality requirement at all in their response. To the extent that Defendants argue that their affirmative defenses destroy typicality, the Court disagrees. *See Wagner v. NutraSweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996) ("Typicality under Rule 23(a)(3) should be determined with reference to the company's actions, not with respect to particularized defense it might have against certain class members."); *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291, 297-98 (N.D. Ill. 2007) ("Therefore, despite the presence of a potential affirmative defense, Wahl meets the typicality requirement because her claims are based on the same legal theory and arise from the same course of conduct as the claims of the other putative class members."). Doran has met Rule 23(a)(3)'s requirement.

### 4. *Adequacy.*

The class representative and class counsel must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The purpose of the adequacy requirement is to ensure that there are no potential "conflicts of interest between the named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). "In making this determination, the Court must ascertain whether the named representatives' interests are sufficiently similar to those of the class to the extent 'that is unlikely that their goals and viewpoints will diverge.'" *Engeseth v. County of Isanti*, No. 06-2410, 2007 WL 3102074, at *8 (D. Minn. Oct. 23, 2007) (citing *Parkhill v. Minn. Mut. Life Ins. Co.*, 188 F.R.D. 332, 339 (D. Minn. 1999)). Further, "[c]ourts usually analyze the 'common interests' factor along with typicality . . . ." *Bird Hotel Corp. v. Super 8 Motels, Inc.*, 246 F.R.D. 603, 607 (D.S.D. 2007).

Defendants challenge that the class representatives are part of the proposed class. First,

6

Defendants claim that they are unable to find records establishing that James Parsons, one of the class representatives, was a Missouri Medicaid recipient for whom a Medicaid lien was asserted in a workers compensation proceeding. However, as the Court has already noted, at the class certification stage the Court may not go into the merits; instead, the Court must generally accept the Plaintiffs' substantive allegations as true. *See Chiang v. Veneman*, 385 F.3d 256, 262 (3d Cir. 2004) ("We note that it is not necessary for the plaintiffs to establish the merits of their case at the class certification stage, and that, in determining whether a class will be certified, the substantive allegations of the complaint must be taken as true." (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974))). Plaintiffs are not required at this stage to actually prove Parsons had a Medicaid lien asserted against his workers compensation settlement in violation of federal law.

Next, Defendants argue that the remaining Plaintiffs "only had Medicaid collect monies specifically allocated to Medicaid under their workers' compensation settlements." Also, Defendants claim that Plaintiffs executed settlements authorizing the payment of the Medicaid liens from their settlement proceeds, and have waived any right to challenge those settlements. Again, these goes to the merits of the case, not class certification. Further, to the extent that Defendants are arguing res judicata and collateral estoppel should defeat the adequacy requirement, the Court notes that both are affirmative defenses which Defendants have the burden of proving and generally are not appropriate factors under Rule 23(a) analysis. *See Tussey v. ABB, Inc.*, No. 06-4305, 2007 WL 4289694, at *7 n.6 (W.D. Mo. Dec. 3, 2007) ("An affirmative defense on which Defendants bear the burden of proof is not appropriately resolved in the context of a motion to certify."). Moreover, the Court questions Defendants' argument that Plaintiffs' contractually waived the State's obligations under § 1396p(a)(1), which contains no explicit waiver exception, especially when

7

Defendants likely never told Plaintiffs that they were waiving such obligations. *Cf. Daniel v. Office of Pers. Mgmt.*, 245 Fed. App'x 969, 971 (Fed. Cir. 2007) (holding that OPM did not have "authority to waive statutory requirements or to estop the government from denying benefits as required by" 5 U.S.C. § 8455 because statute did "not provide for any exceptions or waivers in its applications"); *Fugate v. Rice*, 815 S.W.2d 466, 471 (Mo. App. 1991) ("A party cannot be held to have waived a breach of contract where there is no evidence that the party knew of the breach.").

Plaintiffs have established the adequacy requirement. Like the class members, they allege that Defendants asserted Medicaid liens in violation of the federal anti-lien statute against their workers compensation settlements. Plaintiffs are able to protect the class interests, hold a substantial stake in the controversy, are motivated to recover any money improperly taken because of Medicaid liens, and have no conflicting interests with the class. Thus, Plaintiffs are adequate class representatives. *See* In re *Tyco Int'l, Ltd. Multidist. Litig.*, No. 03-1352, 2007 WL 1703067, at *3 (D.N.H. June 12, 2007) ("As the First Circuit has recognized, classes are routinely certified where common issues predominate even though individual issues exist with respect to other matters such as affirmative defense or damages." (quoting In re *Tyco Int'l, Ltd. Multidist. Litig.*, 236 F.R.D. 62, 71 (D.N.H. 2006) (class certification order))). Defendants have not challenged the adequacy of class counsel. *See White v. Martin*, No. , 2002 WL 32596017, at *10 (W.D. Mo. Oct. 3, 2002) ("In the absence of proof to the contrary, courts presume that class counsel is competent and sufficiently experienced to vigorously prosecute the class action." (quoting *Morgan v. United Parcel Serv. of Am., Inc.*, 169 F.R.D. 349, 357 (E.D. Mo. 1996))).

**B.      Rule 23(b)**

8

1. *Rule 23(b)(2).*

Defendants do not contest Plaintiffs' request to certify the class under Rule 23(b)(2). Rule 23(b)(2) states that "[a] class action may be maintained if Rule 23(a) is satisfied and if . . . the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . . ." "The Eighth Circuit stated in *DeBoer v. Mellon Mortgage Co.*, that '[i]f the Rule 23(a) prerequisites have been met and injunctive or declaratory relief has been requested, the action usually should be allowed to proceed under subdivision (b)(2)." *Halbach v. Great-W. Life & Annuity Ins. Co.*, No. 05-2399, 2007 WL 1018658, at *10 (E.D. Mo. Apr. 2, 2007) (quoting *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1175 (8th Cir. 1995)). Therefore, the Court grants certification under Rule 23(b)(2) for purposes of injunctive relief.

   2. *Rule 23(b)(1).*

Plaintiffs argue in the alternative that they satisfy the requirements of Rule 23(b)(1). This subsection provides that a class may be certified if:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
>   (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
>   (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests . . . .

Fed. R. Civ. P. 23(b)(1). Subsection A attempts to avoid possible prejudice to Defendants, while subsection B is concerned with prejudice to the putative class members. *See Tussey*, 2007 WL

4289694, at *8. Defendants do not contest certification under Rule 23(b)(1).

Because this case involves interpretation of the federal anti-lien statute as applied to Medicaid liens on workers compensation settlements, there is a risk of inconsistent or varying adjudication establishing incompatible standards of conduct for Defendants. *See, e.g., Pichler v. UNITE*, 228 F.R.D. 230, 253-54 (E.D. Pa. 2005) (finding certification under Rule 23(b)(1)(A) appropriate where "there is a 'risk' that another court could interpret [the statute] differently" and that "[i]f that were to occur, the inconsistent adjudications would establish incompatible standards of conduct for [defendant]"). Thus, the Court also certifies the class under Rule 23(b)(1).[1]

### C. Rule 23(c)

Since certification of the class is appropriate, the Court must resolve the parties' disagreement regarding the appropriate class scope. *See* Fed. R. Civ. P. 23(c)(1)(B). Defendants essentially argue that the class definition is too broad, and should be limited by the applicable statutes of limitation. However, as already noted by the Court, the statute of limitations is an affirmative defense, and Defendants have the burden of proving that the statute of limitations bars Plaintiffs' claims. *See Tussey*, 2008 WL 379666, at *9 (citing *Richard B. Roush, In. Profit Sharing Plan v. New England Mut. Life Ins. Co.*, 311 F.3d 581, 585 (3d Cir. 2002)). Other than citing to Missouri's statutes of limitations, Defendants have provided no evidence as to which statute of limitation, if any, should apply. Should Defendants later show that an appropriate statute of limitations applies in this case, the Court may narrow the class. *See* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").

---

[1] Because the Court has certified the class under Rule 23(b)(1) and 23(b)(2), it does not reach the question of whether it might have been also certified under Rule23(b)(3).

10

Defendants have also complained about the phrase "improperly taken." The Court agrees that the class definition, as currently drafted, is over broad and could include other actions taken by Defendants which are not at issue in this case. Instead, the Court alters the class definition as follows:

> Missouri citizens who have received Medicaid and who had liens asserted and/or monies taken by the Defendants out of their third-party workers compensation settlements from August 15, 2001, where said settlements were unrelated to medical care and services, or where the liens asserted and or monies taken by the Defendants were in excess of the amount of said settlements related to medical care and services, in violation of 42 U.S.C. § 1396p(a)(1).

*See* Fed. R. Civ. P. 23(c)(1)(B) (explaining court "must define the class and class claims, issues, or defense"). The Court does not adopt Plaintiffs' proposed language because it is over broad and does not define the specific conduct of Defendants.

### III. Conclusion

Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints the law firm of Burgess & Lamb, P.C., and attorney Ralph K. Phalen, as class counsel. This certification is subject to later determination of the correct statute of limitations period, as well as any other issues that may arise, as allowed under the authority of Rule 23(c)(1)(C).

Accordingly, it is hereby

ORDERED that Plaintiffs' Motion for Class Certification [Doc. # 19] is GRANTED, in part, and DENIED, in part.

 s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 2, 2008
Jefferson City, Missouri